AO 91 (Rev. 11/11)  Criminal Complaint

FILED 11 APR '19 10:24 USDC-ORP

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | | |
|---|---|---|
| United States of America<br>v.<br>John Phillip STIRLING<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No.  '19-MJ-66 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 9, 2019 _____ in the county of _____ in the _____ District of _____ Oregon _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) | While upon the high seas aboard a vessel subject to the jurisdiction of the United States, the defendant, John Phillip Stirling, did knowing and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance |

This criminal complaint is based on these facts:

See affidavit attached and incorportated herein

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Todd Clements Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: *April 11, 2019*

_____
*Judge's signature*

City and state: _____ Portland, OR _____     Honorable Stacie F. Beckerman
*Printed name and title*

DISTRICT OF OREGON, ss:         AFFIDAVIT OF TODD CLEMENTS

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Todd Clements, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.       I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement (ICE) and have been so employed since 2003. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and I am authorized by law to conduct investigations and to make arrests for felony offenses. I am currently assigned to the Assistant Special Agent in Charge, Portland, Oregon. From January 2002 through February 2003, I was employed as a Special Agent with the Portland, Oregon District Office of the Immigration and Naturalization Service (INS). Prior to that, I was employed as an Immigration Agent (Enforcement) with the INS Sub-Office in Ventura County, California from June 1998 to January 2002. I am authorized and assigned to investigate violations of federal laws, including 21 U.S.C. §§ 841(a)(1), 846, 848, and 843(b) of the Drug Abuse Prevention and Control Act of 1970; that is, possession with intent to distribute and the distribution of controlled substances, conspiracy to commit such offenses, the operation of a continuing criminal enterprise, and the use of a communication facility to facilitate a felony violation of the Drug Abuse Prevention and Control Act of 1970. During my tenure as a federal law enforcement officer, I have investigated and/or participated in investigations of conspiracy, money laundering, narcotics trafficking, fraud, smuggling and theft. I have also acquired knowledge and information about the illegal drug trade and the various means and methods by which it is furthered, including through the use of computers, smart phones, digital media and the Internet

from formal and informal training, other law enforcement officers and investigators, informants, individuals I have arrested and/or interviewed, and from my participation in other investigations. I have spoken on numerous occasions with suspects, informants, witnesses, as well as law enforcement officers and investigators, concerning the methods and practices of drug traffickers. I have also supervised the activities of informants who provided information and assistance to ongoing drug investigations. I am currently detailed to the High Intensity Drug Trafficking Area (HIDTA) Interdiction Task Force (HIT) located at the Portland Police Bureau's Drugs and Vice Division.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for John Phillip STIRLING, for the felony crime of Possession of a Controlled Substance on a Vessel in violation of 46 U.S.C. §§ 70503(a) and 70506(a). As set forth below, there is probable cause to believe, and I do believe, that John Phillip STIRLING knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, while on board a covered vessel in violation of 46 U.S.C. §§ 70503(a) and 70506(a).

3. I am a party to the investigation described herein. My knowledge of the matters described in this affidavit are the result of a combination of my own firsthand knowledge, review of records, as well as facts described to me by other law enforcement personnel assisting with the investigation. I have not included all information learned through this investigation. I have included information I believe is sufficient to establish probable cause for the criminal complaint and arrest warrant requested by this affidavit.

## Applicable Law

4. Title 46, United States Code, Section 70503(a)(1) provides, in relevant part, that while on board a covered vessel, an individual may not knowingly or intentionally possess with intent to distribute a controlled substance. A "covered vessel" means a vessel of the United States or a vessel subject to the jurisdiction of the United States or any other vessel if the individual is a citizen of the United States or a resident alien of the United States. 46 U.S.C. §70503(e). Subsection (a) applies even though the act is committed outside the territorial jurisdiction of the United States. 46 U.S.C. §70503(b). Further, in relevant part, a person violating 46 U.S.C. §70503 may be tried in any district if the offense was begun or committed upon the high seas. 46 U.S.C. §70504(b). A person violating 46 U.S.C. §70503(a)(1) shall be punished as provided in 21 U.S.C. §960. 46 U.S.C. §70506(a).

## Statement of Probable Cause

5. On April 9, 2019, while on routine patrol, United States Coast Guard (USCG) Cutter Alert detected a sailing vessel transiting northbound 225 nautical miles from Newport, Oregon. USCG Cutter Alert was directed to intercept the vessel and conduct right-of-approach questioning. USCG Cutter Alert noted that the vessel had a name Mandalay, with a home port of Seattle, Washington, painted on the stern (rear), along with visible federal registration numbers. During the right-of-approach, USCG personnel attempted to communicate with STIRLING in person, but STIRLING went below deck and would only communicate with the Cutter Alert via VHF radio. It was at this time, USCG personnel researched ownership and flag-state of the vessel and determined, through looking at the last known registration, that S/V Mandalay was a United States flagged vessel. Once USCG determined flag-state, a USCG boarding team

boarded the vessel. Upon boarding the vessel, USCG personnel encountered STIRLING, the sole occupant. When questioned, STIRLING stated that he did not have vessel documentation and refused to produce identification. Upon further questioning by USCG personnel, STIRLING's speech began to deteriorate until he was only able to communicate in mumbles. USCG personnel, concerned that STIRLING was displaying symptoms of a possible drug overdose, began administering medical treatment to STIRLING. It was later determined that STERLING needed to be medically evacuated. STIRLING was flown by USCG helicopter to Astoria, Oregon and then taken to Columbia Memorial Hospital in Astoria, Oregon for additional medical care.

6. USCG personnel conducted an inspection of S/V Mandalay. USCG Personnel discovered twenty-eight (28) seven-gallon jugs containing liquids under a blue canvass on the topside deck of the vessel. USCG personnel conducted a NIK test of liquid from two (2) of the jugs, both of which presumptively tested positive for methamphetamine.

7. United States Customs and Border Protection Officer (CBPO) William Wells advised me that he overheard an exchange between STIRLING and a nurse while at Columbia Memorial Hospital. The nurse asked STIRLING what he had taken that caused him to be incapacitated, to which STIRLING replied "Fentanyl," adding that it was a "large amount" that was "pure." STIRLING told the nurse he did it because he realized the Coast Guard was about to board him because he was smuggling. He also stated that he wasn't trying to kill himself by taking the Fentanyl, but that the amount he took was from a "kilo."

8. Due to a paucity of supplies needed to continue administering care to STIRLING, personnel at Columbia Memorial Hospital had STIRLING transported to Adventist Health

Portland, a hospital in Portland, Oregon, via ambulance. ICE SA Clifford Jones and I followed the ambulance in my government-owned vehicle (GOV).

9. SA Jones and I met with United States Coast Guard Investigative Service (CGIS) SA Daniel Austin at Adventist Health Portland, whereupon SA Austin remained with STIRLING. SA Austin advised me that he overheard STIRLING tell a doctor that he had consumed fentanyl.

10. SA Jones later relieved SA Austin in observing STIRLING. SA Jones advised me that he overheard a conversation between STIRLING and a nurse. The nurse asked STIRLING if he knew where he was, to which STIRLING responded in the negative. The nurse then asked STIRLING if he knew why he was in the hospital, to which STIRLING said that he got "busted." When the nurse asked what he had been doing, STIRLING stated that he was a drug smuggler. STIRLING stated that he did not want to go to jail for the rest of his life and that he had a ton of meth and ten (10) loads of fentanyl that he was taking to Canada.

11. A review of STIRLING's criminal history revealed an arrest for conspiracy to import cocaine on or about October 27, 2011. Information received from USCG revealed that STIRLING was interdicted near Columbia in a vessel bound for Australia that contained 381 kilograms of cocaine. On or about February 26, 2013, STIRLING was convicted for importing cocaine and sentenced to ninety (90) months in federal prison.

## Conclusion

12. Based on the foregoing, and based on my training and experience, I have probable cause to believe, and do believe, that John Phillip STIRLING knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a

...
...

detectable amount of methamphetamine, a Schedule II controlled substance while on a board a covered vessel, in violation of 46 U.S.C. §§ 70503(a) and 70506(a). Therefore, I request the issuance of a criminal complaint and arrest warrant.

13. This affidavit, and the requested arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Byron Chatfield prior to being submitted to the Court. AUSA Chatfield informed me that in his opinion, the affidavit is legally and factually sufficient to establish probable cause to support the issuance of the requested complaint and arrest warrant. I respectfully request the Court to authorize the attached arrest warrant based on this complaint.

_____
Todd Clements, Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me this __11th__ day of April 2019.

_____
The Honorable Stacie F. Beckerman
U.S. Magistrate Judge, District of Oregon